# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN PEROTTI,

               Petitioner,       :      Case No. 1:18-cv-477

    - vs -                           District Judge Timothy S. Black
                                      Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
   Southern Ohio Correctional Facility,

                                      :
               Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner John Perotti is confined by Respondent Ron Erdos at the Southern Ohio Correctional Facility as a result of a decision of the Ohio Adult Parole Authority revoking his parole on a number of Ohio convictions. The revocation occurred in May 2016.

The basis for revocation was Perotti's conviction in the United States District Court for the Northern District of Ohio of the offense of being a convicted felon in possession of ammunition. *United States v. Perotti,* Case No. 1:04-cr-276. Perotti contends that that underlying federal conviction is unconstitutional, particularly as reflected in the Amended Judgment of April 13, 2016, in which District Judge Nugent amended the sentence to time served and ordered his release (ECF No. 260).

Perotti appealed from the Amended Judgment. The Sixth Circuit dismissed the appeal for lack of appellate jurisdiction because Perotti had been released from federal custody and did not suffer from adverse consequences of the Amended Judgment sufficient to confer jurisdiction.

*United States v. Perotti*, 702 Fed. App'x 322 (6th Cir. 2017). Of the consequences for his Ohio parole revocation, the Sixth Circuit wrote:

> The third alleged adverse consequence that Perotti asserts confers appellate jurisdiction is that he will be unable to have his case accurately considered by the Ohio Adult Parole Authority (OAPA). The state parole violation for which Perotti is currently incarcerated derives from the same conduct underlying his federal conviction, and for Perotti this underscores the necessity of correcting his federal sentence. Because the OAPA must consider a myriad of factors (none of which is dispositive) in reaching its determinations, Ohio Admin. Code 5120:1-1-07, Perotti's situation is similar to the one presented to the Supreme Court by the petitioners in *Spencer* [*v. Kemna*, 523 U.S. 1 (1998)] and *Lane*. Just as under Missouri law (*Spencer*) and Illinois law (*Lane* [*v. Williams*, 455 U.S. 624 (1982)]), the discretion available to the OAPA means that it is only a possibility and not a certainty that over-time served will be considered. *See Spencer*, 523 U.S. at 14; *Lane*, 455 U.S., at 632 n.13. This is true even though the same conduct formed the basis for both the underlying federal conviction and the violation of state parole. The discretion vested in the OAPA and uncertainty as to the grounds on which it will base its decision means this alleged harm is also insufficient to confer appellate jurisdiction.

*Id.* at p. 324. Perotti's petition for certiorari to the Supreme Court was denied. *Perotti v. United States*, 138 S.Ct. 1280 (2018).

Perotti filed a later motion to recall the Sixth Circuit's mandate on the grounds his case was wrongly decided in light of the subsequent decision in *United States v. Nichols,* 897 F.3d 729 (6th Cir. 2018). The Sixth Circuit distinguished *Nichols* and held a motion to recall the mandate was not a proper proceeding in which to review the claims Perotti had already made and also that a change in the law is not the type of unforeseen contingency which warrants recall of the mandate to permit yet another round of appellate review. *United States v. Perotti,* Case No. 16-3556 (6th Cir. Mar. 5, 2019). Thus, Perotti's efforts to have the Sixth Circuit vacate the Amended Judgment have come to naught.

On April 24, 2017, Perotti filed a habeas corpus petition purportedly under 28 U.S.C. §

2

2254 in the Northern District of Ohio, Case No. 1:17-cv-876, challenging the parole revocation at issue here. A year later on May 7, 2018, Perotti moved to transfer that case to the Southern District because he himself had been transferred from Mansfield Correctional, located in the Northern District, to SOCF, located at Lucasville in the Southern District (ECF No. 24 in N.D. case). The Attorney General opposed the transfer as unnecessary (*id.* at ECF No. 26). Rather than persist in his motion to transfer, Perotti filed a motion for "voluntary dismissal without prejudice in order to pursue exhaustion claims." (*Id.* at ECF No. 27.) Judge Gwin approved the dismissal on June 7, 2018, and Perotti filed this case a month later (ECF No. 1).

**The Question of Federal Court Jurisdiction**

Because federal courts are courts of limited jurisdiction, the first obligation of a federal judge on being presented with a new case, is to determine whether he or she has jurisdiction to proceed. Federal courts are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8 (1799). The burden of proof is on the party asserting jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte*. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F. 3d

653 (6th Cir. 2014). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986), *quoting Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).

**Is the Petition Here a Second or Successive Habeas Application?**

A District Court lacks jurisdiction to decide a second-in-time habeas application if it is also second or successive. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). Perotti's Petition is obviously a second-in-time petition attacking the parole revocation decision that was ripe when he filed the North District case. When a prior petition is dismissed otherwise than on the merits, a second in time petition will ordinarily not be successive. *In re Cook,* 215 F.3d 606 (6th Cir. 2000), but compare *In re Moore,* 735 Fed. App'x, 883 (6th Cir. 2018)(voluntary dismissal in the face of an imminent adverse decision on the merits makes second petition successive). Perotti's evident motive in dismissing and re-filing was to obtain the venue change which the State had opposed. But as a state prisoner in a State with more than one federal judicial district, Perotti was free to choose this District in the first instance **for a habeas corpus case**, 28 U.S.C. § 2241(d), and the Northern District had given no intimation of a decision on the merits. The Magistrate Judge concludes this is not a second-or-successive habeas application and this Court therefore has subject matter jurisdiction over this case insofar as it is pleaded under 28 U.S.C. § 2254, as provided in 28 U.S.C. § 2241.

**Lack of Federal Custody**

The writ of habeas corpus is available to test the legality of a person's confinement in custody. This has been the uniform scope of the writ since hundreds of years before it was protected from suspension in our Constitution.[1] When a sentence expires before a habeas petition is filed, the petitioner is not sufficiently in custody to invoke the federal habeas jurisdiction. *Maleng v. Cook*, 490 U.S. 488 (1989). Perotti is no longer in custody on his conviction in *United States v. Perotti*. Therefore, this Court does not have authority to issue a writ of habeas corpus as to his present detention under 28 U.S.C. § 2241. There Congress has authorized the issuance of the writ only as to persons in custody.

In 1948 Congress created the remedy provided in 28 U.S.C. § 2255 for federal prisoners who asserted they were in custody because their conviction violated the United States Constitution. But that remedy also requires that the petitioner be in custody on the conviction, and Perotti is not. Moreover, a motion under § 2255 must be filed in the convicting court, which is the Northern rather than the Southern District of Ohio

A person whose current sentence was enhanced because of a prior conviction cannot challenge the legality of the first in habeas, even if he is still in custody on the second conviction. *Steverson v. Summers,* 258 F.3d 520, 521, 523-25 (6th Cir. 2001), *citing Daniels v. United States*, 532 U.S. 374 (2001); and *Lackawanna County District Atty. v. Coss*, 532 U.S. 394 (2001). The same logic applies to a person like Perotti whose state parole has been revoked on the basis of a federal conviction. In fact, although the question of appellate jurisdiction was the precise issue, the Sixth Circuit Perotti's case has already decided that the use of his federal conviction as a basis for state parole revocation was not a sufficient adverse consequence to allow it to review the

---

[1] See Paul D. Halliday, Habeas Corpus From England to Empire (Cambridge, 2010).

5

constitutionality of his conviction.

What possibility remains? In his Petition Perotti invokes 28 U.S.C. § 2241, but also *coram nobis*. Although the writ of error *coram nobis* was abolished in federal practice by adoption of Rule 60 of the Federal Rules of Civil Procedure in 1938, it was resurrected by the Supreme Court in 1954 under the All Writs Act, 28 U.S.C. § 1651. *United States v. Morgan,* 346 U.S. 502 (1954). It is available to a petitioner to vacate a federal sentence or conviction only when a motion to vacate under 28 U.S.C. § 2255, the federal equivalent of habeas corpus, is not available to the petitioner, generally because he or she has completely served the sentence and is no longer in custody. *Blanton v. United States,* 94 F.3d 227, 230 (6th Cir. 1996).

While most circuits require proof of an ongoing civil disability arising from the challenged conviction, the Sixth Circuit had not decided that question as of 1996. *Blanton,* 94 F.3d at 232. In *United States v. Waters*, 770 F.3d 1146 (6th Cir. 2014), however, it adopted the majority position that a continuing civil disability is required. But use of the challenged conviction to enhance a subsequent sentence is clearly a sufficient disability. *United States v. Keane*, 852 F.2d 199, 203 (7th Cir. 1988), cited approvingly in *Blanton*, 94 F.3d at 232. The same logic would appear to cover Perotti's case where the federal conviction has been made the basis of a state parole revocation.

Are the facts alleged by Perotti sufficient to state a claim for relief in *coram nobis*? Perhaps. Although "[c]oram nobis may be used only to review errors 'of the most fundamental character, that is, such as rendered the proceeding itself invalid.'" *Blanton*, 94 F.3d at 231, quoting *Flippins v. United States,* 747 F.2d 1089, 1091 (6th Cir. 1984)(*per curiam*), quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914). Perotti alleges his underlying conviction is unconstitutional. A *coram nobis* petition will be granted only when the petitioner demonstrates:

6

> (1) an error of fact,
>
> (2) unknown at the time of trial,
>
> (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.

*Flippins*, 747 F.2d at 1091; *United States v. Johnson*, 237 F.3d 751 (6th Cir. 2001). However, in *Pilla v. United States*, 668 F.3d 368 (6th Cir. 2012), the court allowed a *coram nobis* petition to be used to raise an ineffective assistance of counsel claim regarding counsel's failure to advise Pilla correctly of immigration consequences of a conviction, i.e., not an error of fact, although it recited the error of fact element.

This Court will not speculate as to whether Perotti has stated a claim for relief in *coram nobis* because it is not the proper court to decide that question. Rather, a petition for *coram nobis* must be filed in the court whose judgment is sought to be vacated. Judge Easterbrook explained why this is so:

> Coram nobis arose as a device to extend the period (originally limited to the term of court) in which the judge who rendered a decision could reexamine his handiwork. . . . Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court.

*Lowery v. McCaughtry,* 954 F.2d 422, 423 (7th Cir. 1992). In other words, whether Judge Nugent would entertain a petition for writ of error *coram nobis* is a question for Judge Nugent to decide, not this Court.

**Perotti's Pending Prior Habeas Corpus Case in this Court**

In his Petition, Perotti's attacks both his federal conviction and the resulting revocation of his Ohio parole. For the reasons given above, this Court lacks jurisdiction in habeas under § 2255, or in *coram nobis*, to consider the validity of Perotti's federal conviction.

With respect to the parole revocation, Perotti has a habeas corpus case under 28 U.S.C. § 2254 pending before another District Judge of this Court, Case No. 1:18-cv-446, assigned to The Honorable Susan J. Dlott. That case is ripe for decision and the Magistrate Judge reference has recently been transferred to the undersigned. This Court should defer to consideration of parole revocation issues in the first-filed case.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the portions of the Petition collaterally attacking Perotti's federal conviction be dismissed for lack of jurisdiction. It is further recommended that those portions of the Petition attacking the parole revocation be dismissed as duplicative of the claims made in Case No. 1:18-cv-446. Because reasonable jurists would not disagree with the conclusion respecting habeas corpus, Petitioner should be denied a certificate of appealability as to those claims.

May 29, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).